# BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE, PH/26TH FLOOR

NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT◊
MARC A. CANNAN

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

ALSO ADMITTED IN:
*CALIFORNIA
△ILLINOIS
◊NEW JERSEY

REF:

WRITER'S DIRECT DIAL:

April 10, 2017

**VIA ECF**

Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Derrick Bienaime 15 cr 287 (WFK)</u>

Dear Judge Kuntz:

    I am writing on behalf of Mr. Bienaime as an aid to the Court in his sentencing, which is now scheduled for April 18, 2017 at 12:00 P.M. Mr. Bienaime and I have met at the Metropolitan Detention Complex ("MDC") and reviewed the pre-sentence report. He has no objections or corrections, and accepts the report as written.

    I have now worked with Mr. Bienaime for almost two years, since July 2015. From the outset and throughout my representation, Mr. Bienaime has been consistently remorseful and respectful of the government and my office and has demonstrated the utmost sincerity. For the reasons set forth below, we respectfully request, pursuant to 18 U.S.C. § 3553(a), that Your Honor issue Mr. Bienaime a sentence of 27 months, as per the plea agreement with the government, which contains a sentencing guidelines range of 27-33 months.

BELDOCK LEVINE & HOFFMAN LLP

Hon. Williams F. Kuntz, II
April 11, 2017
Page 2

As Mr. Bienaime openly discussed during his presentence interview, he had a difficult upbringing. His parents separated when he was just two years old. (P.S.R. Page 11, ¶ 41). Mr. Bienaime's father played a limited role in his life and provided little support. (P.S.R. Page 11, ¶ 41, 44). His father moved to Haiti when Mr. Bienaime was 10 years old and has not contacted the family since that time. (P.S.R. Page 11, ¶ 44). Mr. Bienaime's mother worked two jobs during his upbringing, resulting in little parental supervision for him and his three older siblings. (P.S.R. Page 11, ¶¶ 44). Mr. Bienaime acknowledged that his lack of adult supervision led to his association with older individuals in the neighborhood who were a bad influence on him. (P.S.R. Page 15 ¶ 63). This acknowledgment is consistent with Mr. Bienaime's mother's description of her son as a "follower" who would not cause any trouble on his own. (P.S.R. Page 11 ¶ 42). In fact, Mr. Bienaime's mother moved the family to New Jersey in order to distance her son from the people who were a bad influence on him. (P.S.R. Page 11, ¶ 42).

Mr. Bienaime attended school until the tenth grade. (P.S.R. Page 15 ¶ 62). Although he stated in his presentence interview that "school was not for [him]" Mr. Bienaime's academic problems appear to be more nuanced. (P.S.R. Page 15 ¶ 63). Indeed, Mr. Bienaime recalled receiving good grades in reading and math. *Id*. However, his lack of adult supervision resulted in limited academic resources and support at home. *Id*. Another reason school was difficult for Mr. Bienaime's is the fact that he suffers from Attention Deficit Disorder ("ADD") and Attention Deficit Hyperactivity Disorder ("ADHD"). *Id*. Mr. Bienaime was prescribed medication for his ADD and ADHD conditions, but they just made him drowsy. Despite his previous comment about school not being for him, Mr. Bienaime has recently acknowledged the importance of education. Prior to his instant arrest, he was enrolled in a high school equivalency program at Long Island University's Brooklyn campus. (P.S.R. Page 14 ¶ 60). Mr. Bienaime is currently enrolled in a high school equivalency program at MDC. (P.S.R. Page 14 ¶ 59).

As a further note, we cannot help but comment on the difficulties that Mr. Bienamie has had at the MDC. Clinical research shows that people who are incarcerated and suffer from ADHD are more likely to disobey institutional rules and display emotional outbursts as compared to their unaffected peers. Indeed, a 2016 article published in the *Journal of Attention Disorders* notes that "ADHD offenders have a propensity to endorse more symptoms and more emotional distress than their peers. This suggests frequency and intensity of clinical symptoms and this seems to be expressed by them in the form of emotional outbursts within the institution that lead to critical incidents."[1] The article went on to find that "[t]hese behaviors will almost certainly lead to institutional sanctions, which may include adjudications and criminal convictions acquired while serving the current tariff." While Mr. Bienamie's poor adjustment at MDC is his responsibility, he has already suffered consequences of his actions due to loss of "good time" under Bureau of

---

[1] Rafael A. González, et al., *The Role of Emotional Distress and ADHD on Institutional Behavioral Disturbance and Recidivism Among Offenders*, Journal Of Attention Disorders, April 2016.

BELDOCK LEVINE & HOFFMAN LLP

Hon. Williams F. Kuntz, II
April 11, 2017
Page 3

Prisons policies. We ask that this information be taken into account when Your Honor is determining Mr. Bienamie's sentence.

    Most sadly in terms of Mr. Bienaime's upbringing, he began abusing alcohol and marijuana at a very young age. (P.S.R. Page 14, ¶ 56). He began smoking marijuana when he was 12 years old. Mr. Bienaime smoked marijuana on a daily basis from the time he was 15 years old until he was arrested. (P.S.R. Page 14, ¶ 57). During that time, he would spend as much as $40 a day on marijuana. *Id*. For two years, beginning when Mr. Bienaime was 17 years old, he consumed two shots of alcohol a day. (P.S.R. Page 14, ¶ 56). He then reduced his alcohol consumption to one shot a week. *Id*. Mr. Bienaime hid his drug and alcohol consumption from his mother. (P.S.R. Page 14, ¶ 58). Mr. Bienaime has now fully acknowledged his problem with marijuana and expressed an interest in receiving treatment for his dependency. (P.S.R. Page 14 ¶ 57).

    While Mr. Bienaime has accepted full responsibility for his role in the conspiracy, his role in this matter did not include any managerial, supervisory or other leadership position. (P.S.R. Page 7, ¶ 15). Moreover, Mr. Bienaime has a very limited criminal history. Mr. Bienaime has one conditional discharge, which does not involve a finding of guilt, for possession of marijuana when he was 19. (P.S.R. Page 14, ¶ 35).

    Mr. Bienaime has been incarcerated at MDC since July 16, 2015. (P.S.R. Page 7, ¶ 15). Presentence detainees who are incarcerated at MDC serve time in harsh conditions because of the limited programs and employment opportunities available to them. However, despite these limitations and again, despite his issues with ADHD, Mr. Bienaime has participated in the following education programs: SHU Health; Chess Level 2; Health Education Program; and Anger Management. (P.S.R. Page 12, ¶ 47).

    Mr. Bienaime's mother, Gina Dumond, has written a letter in support of her son that we have attached. Both Ms. Dumond's letter and her interview with the Probation Office clearly express the love she has for her son. (*See* attached letter and P.S.R. Page 11, ¶ 42). Ms. Dumond's letter further shows that Mr. Bienaime has the love, encouragement, and support from his family that he will need to ensure that he leads a productive, lawful life.

    Finally, Mr. Bienaime has a medical condition that will likely require surgery in the next several months. In November 2015, Mr. Bienaime complained of difficulties swallowing and was taken to Kingsbrook Jewish Medical Center for a sonogram. (P.S.R. Page 13, ¶ 49). A goiter was discovered and a cytology was ordered. *Id*. The cytology results indicated that the goiter was benign. *Id*. Mr. Bienaime was subsequently given a cyst aspiration to reduce the size of the growth. *Id*. Mr. Bienaime's goiter will require ongoing medical treatment and will likely have to be surgically removed. Because of this condition, we ask that Your Honor take note of Mr. Bienaime's medical condition and give it heightened consideration when issuing your sentence.

BELDOCK LEVINE & HOFFMAN LLP

Hon. Williams F. Kuntz, II
April 11, 2017
Page 4

      Based on the factors above, including those raised pursuant to 18 U.S.C. § 3553(a), we respectfully request that Your Honor issue Mr. Bienaime a sentence of 27 months' imprisonment.

      Thank you for your kind consideration.

                              Sincerely,

                              Frank Handelman

Enc.

cc:    AUSA Allon Lifshitz
       AUSA Rena Paul
       USPO Patricia A. Sullivan

Gina Dumond
62 wolf Place Hillside New Jersey 07205
ginaginagg@yahoo.com
347-933-8936

April 11, 2017

Dear Honorable Judge Kuntz

My name is Gina Dumond. My son's name is Derrick Bien-Aime. He is a young man that has his life ahead of him, unfortunately gotten himself on the wrong side of the law. Because my son has been arrested for his involvement with fraud for which he deeply regrets and wishes to reform and start afresh.

My son Derrick Bien-Aime has never denied his responsibility for actions committed. However, he has been displaying good behavior and conduct and deeply wants to be given another chance to redeem himself and become a law abiding citizen.
He has shown a great interest in going back to school and earning certification in GED and continuing his education and getting a job.
He is very young and being given an extended sentence he will be losing out on so much that life have to offer. As his mother, I am pleading leniency on his behalf to give him a second chance and not sentence him to prison. My son is willing to do so much to improve his life to stay away from being imprisoned. I am his supporter. I know God has a plan for him. I miss him very much and also his sister's specially the two young ones the 6 years old and 9 years old. My mother Andrea Tadgrain who is 89 years old crying out and, praying every day hoping to see him before her death.

I have faith that the right course of action will be considered by the justice system.

Thank you for considering this request for leniency.

Sincerely,

Gina Dumond
Mother